Larry Kenneth Alexander,

        Plaintiff,

v.                                   **ORDER**

John A. Hedback, Trustee of
the Bankrupt Estate of
Georgia Yvonne Stephens,

        Defendant.


      This matter is before the court upon defendant John A. Hedback's ("Hedback") 28 U.S.C. § 1452(a) removal of plaintiff Larry Kenneth Alexander's ("Alexander") pro se action seeking a declaration that he is the owner of real property located at 875 Laurel Avenue, St. Paul, Minnesota ("875 Laurel").[1]  The court, however, has previously determined ownership of 875 Laurel between these parties.  See, e.g., Stephens v. Jensen-Carter (Stephens II), Nos. 06-cv-0693 & 06-cv-2327, 2007 WL 2885813, at *1 (D. Minn. Sept. 27, 2007), aff'g Order Granting Partial Summary Judgment [Doc. No. 26], Jensen-Carter v. Stephens, No. ADV-04-3468 (Bankr. D. Minn. Dec. 16, 2004) ("G. Yvonne Stephens and Larry Kenneth Alexander are each declared to have no exemption in and no ownership interest in ... 875 Laurel."), aff'd sub nom. Stephens v.

---

     [1] Debtors Alexander and his wife, G. Yvonne Stephens ("Stephens") respectively filed for bankruptcy in June 1998 and August 1998.  Hedback is the trustee of Stephens's bankruptcy estate.

<u>Hedback</u>, 321 F. App'x 536, 537 (8th Cir. 2009). Furthermore, the court has barred Alexander from further pro se filings relating to 875 Laurel unless authorized in advance by the court. <u>Id.</u> at *7. Therefore, on January 29, 2010, the court issued an order to show cause why the instant case should not be dismissed. Both parties responded in writing. (<u>See</u> Doc. No. 5; Attached Ex. A.)

It is evident from the complaint that this dispute arises from the same claims and common nucleus of facts that the debtors and trustees have litigated to final judgments for over eleven years in this court, the bankruptcy court and the Eighth Circuit Court of Appeals. <u>See</u> <u>Stephens II</u>, 2007 WL 2885813, at *1, <u>aff'd sub nom.</u> <u>Stephens v. Hedback</u>, 321 F. App'x 536, 537 (8th Cir. 2009); <u>Stephens v. Jensen-Carter</u> (<u>Stephens I</u>), Nos. 01-633 & 05-33, 2005 WL 852446, at *1 (D. Minn. Apr. 11, 2005); <u>In re Alexander</u>, 236 B.R. 679, 682–84 (Bankr. D. Minn. 1999) <u>aff'd</u>, 239 B.R. 911 (B.A.P. 8th Cir. 1999) <u>aff'd</u>, 236 F.3d 431 (8th Cir. 2001); <u>see</u> <u>also</u> <u>In re Alexander</u>, 270 B.R. 281, 286–89 (B.A.P. 8th Cir. 2001), <u>aff'd</u> 44 F. App'x. 32 (8th Cir. 2002). All of the theories now advanced have been or could have been raised in the prior actions. <u>See</u> <u>Banks v. Int'l Union Elec., Elec ., Technical, Salaried & Mach. Workers</u>, 390 F.3d 1049, 1052 (8th Cir. 2004) (preclusion of previously litigated claims). Therefore, the court is compelled to act to avoid wasting judicial resources. <u>Arizona v. California</u>, 530 U.S. 392, 412 (2000) (sua sponte dismissal of previously litigated claims).

Accordingly, **IT IS HEREBY ORDERED** that this action is dismissed

with prejudice, without taxation of costs, fees or expenses in

favor of or against either party.[2]


**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 23, 2010


                                    s/David S. Doty
                                    David S. Doty, Judge
                                    United States District Court

---

   [2] Hedback requested costs and sanctions against Alexander in
his response to the court's show cause order.  Hedback removed,
however, despite notice of the court's order restricting Alexander
from further filing in this court and the state court's concurrent
jurisdiction of this case.  Therefore, the court denies Hedback's
requests.